1
2
3
4
5
6
7                    **UNITED STATES DISTRICT COURT**

8                  **SOUTHERN DISTRICT OF CALIFORNIA**

9

10   EARNEST CASSELL WOODS,                Civil No.    14cv0289-GPC (RBB)

11                              Petitioner,

12            vs.                           **ORDER DENYING RULE 60(b)**
                                            **MOTION FOR RELIEF FROM**
13   THE STATE OF CALIFORNIA,               **JUDGMENT AND DENYING**
                                            **MOTION FOR CHANGE OF VENUE**
                                 Respondent.
14

15

16        On February 6, 2014, Petitioner, Earnest Cassell Woods, a state prisoner proceeding pro

17   se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his

18   April 29, 1987, conviction and sentence in San Diego Superior Court Case No. CR 83908.  (See

19   Pet. at 1.)  On February 12, 2014, the Court dismissed the Petition for lack of jurisdiction

20   pursuant to 28 U.S.C. § 2244(b)(3)(A), which provides that a petitioner cannot proceed with a

21   second or successive petition in the district court without permission from the Court of Appeals.

22   The Court noted that Petitioner had already challenged his April 29, 1987, conviction in a

23   Petition for a Writ of Habeas Corpus filed in this Court, which was denied on the merits, and that

24   Petitioner admitted he has not received permission from the Ninth Circuit Court of Appeals to

25   file a second or successive petition.  (See ECF No. 5 at 1-2.)  The Court also noted that one of

26   the claims presented in the Petition apparently challenges a recent denial of parole, and notified

27   Petitioner that if he wishes to challenge the denial of parole, he must do so in a separate petition.

28   See Rule 2(e), Rules foll. 28 U.S.C. § 2254 ("A petitioner who seeks relief from judgments of

1  more than one state court must file a separate petitions covering the judgment or judgments of
2  each court.")

3      Petitioner has now filed a Motion for relief from judgment pursuant to Federal Rule of
4  Civil Procedure 60(b), Objections to the dismissal Order, and a Motion for change of venue.
5  (ECF Nos. 9, 11, 13.)  Petitioner states in his Rule 60(b) Motion that he is asking the Court to
6  reopen the judgement in his previous habeas case rather than dismiss the Petition as second or
7  successive.  Petitioner states in his Objections and Motion for change of venue, however, that
8  he intended, in the instant Petition, to challenge his recent parole denial, and asks the Court to
9  vacate its dismissal Order and transfer the Petition to the District Court for the Northern District
10  of California where the parole denial took place.

11      Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment
12  based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
13  evidence that, with reasonable diligence, could not have been discovered in time to move for a
14  new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),
15  misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the
16  judgment has been satisfied, released or discharged; it is based on an earlier judgment that has
17  been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other
18  reason that justifies relief.  Fed.R.Civ.P. 60(b).

19      Petitioner has failed to satisfy any of these provisions, either for reconsideration of the
20  February 12, 1014, dismissal Order in this case, or in his previous habeas case in this Court.  See
21  United States v. Washington, 653 F.3d 1057, 1064 (9th Cir. 2011) (holding that a Rule 60(b)
22  motion which does not allege a "defect in the integrity of the federal habeas proceeding" but
23  merely seeks to re-litigate claims which were previously denied on the merits, must be treated
24  as a second or successive petition), citing Gonzalez v. Crosby, 545 U.S. 524, 535 (2005); see
25  also Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998) (en banc) (same).  Rather, as the
26  Court observed, the Petition in this matter, as written, challenges Petitioner's April 29, 1987,
27  conviction as well as his recent parole denial, and Rule 2(e) of the Rules following 28 U.S.C.
28  § 2254 precludes the Court from considering two such challenges in the same petition.

1    Petitioner was and remains free to file a separate federal habeas petition challenging his recent

2    parole denial in the district court for the Northern District of California, which is the proper

3    venue for such a petition.[1]

4        For the reasons set forth in the Court's February 12, 2014, Order of dismissal, this Court

5    lacks jurisdiction over the Petition because it is second or successive.  Petitioner's belated

6    assurance that the Petition challenges only his recent parole denial strains the requirement of

7    liberal construction of pro se pleadings.  In light of Petitioner's professed understanding that

8    proper venue for his parole challenges lies in the Northern District of California, and the lack

9    of any barrier apparent to his proceeding with such a petition in that Court, the Court finds no

10   basis upon which to vacate the previous Order of dismissal, construe the Petition as presenting

11   only a challenge to Petitioner's recent parole denial, and transfer the action to the Northern

12   District of California.  To the extent the Rule 60(b) Motion seeks to reopen the previous federal

13   habeas case in this Court, it is denied as an attempt to file a second or successive petition.

## CONCLUSION AND ORDER

15       The Court **DENIES** Petitioner Rule 60(b) Motion, and **DENIES** Petitioner's Motion for

16   change of venue.  The denials are without prejudice to Petitioner to present his challenge to the

17   denial of parole to the Northern District of California in a separate petition.  The Court declines

18   to issue a Certificate of Appealability.

19       **IT IS SO ORDERED.**

20   DATED:  March 19, 2014

21

22   HON. GONZALO P. CURIEL
     United States District Judge

23

---

24       [1] Although a petition for writ of habeas corpus may be filed in the United States District Court
     of either the judicial district in which the petitioner is presently confined or the judicial district in which
25   he was convicted, see 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497
     (1973), it is generally the practice of the district courts in California to transfer habeas actions
26   challenging parole denials to the district in which the judgment denying parole was entered. Any and
     all records, witnesses and evidence necessary for the resolution of Petitioner's contentions are available
27   in that court, which in this case is the Northern District of California. Braden, 410 U.S. at 497, 499 n.15
     (stating that a court can, of course, transfer habeas cases to the district of conviction which is ordinarily
28   a more convenient forum); Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968).