UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST CASSELL WOODS,<br><br>                     Petitioner,<br><br>vs.<br><br>THE STATE OF CALIFORNIA,<br><br>                     Respondent. | Civil No.   14cv0289-GPC (RBB)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[Dkt. No. 25.]** |

      On February 6, 2014, Petitioner, Earnest Cassell Woods, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his April 29, 1987, conviction and sentence in San Diego Superior Court Case No. CR 83908. (See Pet. at 1.) On February 12, 2014, the Court dismissed the Petition for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A), which provides that a petitioner cannot proceed with a second or successive petition in the district court without permission from the Court of Appeals. The Court noted that Petitioner had already challenged his April 29, 1987, conviction in a Petition for a Writ of Habeas Corpus filed in this Court, which was denied on the merits, and that Petitioner admitted he has not received permission from the Ninth Circuit Court of Appeals to file a second or successive petition. (ECF No. 5 at 1-2.) The Court also noted that one of the claims presented in the Petition apparently challenges a recent denial of parole, and notified Petitioner that if he wishes to challenge the denial of parole, he must do so in a separate petition. See Rule 2(e), Rules foll. 28 U.S.C. § 2254 ("A petitioner who seeks relief from judgments of

more than one state court must file a separate petitions covering the judgment or judgments of each court.")

On March 20, 2014, the Court denied Petitioner's Rule 60(b) motion for relief from judgment and denied his motion for change of venue. (ECF No. 14.) The denial was without prejudice to Petitioner presenting his challenge to the denial of parole to the Northern District of California. (Id.) The Court also declined to issue a certificate of appealability. (Id.)

Subsequently, Petitioner appealed the Court's order denying the Rule 60(b) motion. (ECF No. 15.) On April 23, 2014, the Ninth Circuit denied his request for certificate of appealability, (ECF No. 18), and denied his motion for reconsideration. (ECF No. 19.)

On March 17, 2015, the Court rejected, on discrepancy, Petitioner's motion to proceed in forma pauperis since the case is closed. (ECF No. 23.) On April 6, 2015, Petitioner filed the instant motion for reconsideration of his motion to proceed in forma pauperis. (ECF No. 25.) Petitioner asks the Court to reconsider his motion to proceed in forma pauperis and also contends that the Court erroneously placed an old case number to a new motion.

First, the request to proceed in forma pauperis is moot since Petitioner paid his filing fee in this case. To the extent he seeks to reopen his habeas petition, the case has been dismissed for being successive. As to his allegation that the Court erroneously placed an old case number to a new motion, Petitioner failed to place a case number on his document or indicated he was filing a new case. Petitioner's motion for reconsideration is without merit.

**CONCLUSION AND ORDER**

Accordingly, the Court **DENIES** Petitioner's motion for reconsideration of motion to proceed in forma pauperis.

IT IS SO ORDERED.

DATED: April 29, 2015

HON. GONZALO P. CURIEL
United States District Judge